**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| **DANNIELLE LITTLETON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No.** 4:20-cv-01792 |
| **v.** | ) | |
| | ) | |
| **KATALYST SURGICAL, LLC,** | ) | **Removal from** |
| | ) | **St. Louis County Circuit Court** |
| **Defendant.** | ) | **Case No. 20SL-CC05597** |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant Katalyst Surgical, LLC ("Defendant"), by and through its attorneys and pursuant to 28 U.S.C. 1441(a), hereby removes the above-referenced lawsuit filed by Plaintiff Dannielle Littleton ("Plaintiff") in the Circuit Court of St. Louis County, Missouri. For its Notice of Removal, Defendant states as follows:

1.      Plaintiff filed a Petition against Defendant on November 9, 2020 in the Circuit Court of St. Louis County, Missouri alleging claims of disability discrimination in violation of the Missouri Human Rights Act ("MHRA") and the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA").

2.      The instant lawsuit is one that may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1331 by virtue of the federal question raised in Plaintiff's Petition in that Plaintiff's claims purport alleged violation of the laws of the United States (i.e., the ADA). Peters v. Union Pacific R.R. Co., 80 F.3d 257, 260 (8th Cir. 1996); *see also* Rivet v. Regions Bank, 522 U.S. 470, 475 (1998); Gore v. T.W.A., 210 F.3d 944, 950 (8th Cir. 2000). *See* Plaintiff's Petition, Count II, included in the State Court file, which is attached hereto as **Exhibit A**.

3.      Removal of the other count alleged in Plaintiff's Petition is proper pursuant to 28 U.S.C. § 1367, because this Court has supplemental jurisdiction "over all other claims that are so

related to claims in this action over which the Court has original jurisdiction." Federal district courts have supplemental jurisdiction over state law claims that are part of the "same cause or controversy" as federal claims. *See* 28 U.S.C. § 1367(a). "Claims within the action are part of the same case or controversy if they 'derive from a common nucleus of operative facts.'" Myers v. Richland County, 429 F.3d 740, 746 (8th Cir. 2005) (quoting City of Chicago v. International College of Surgeons, 522 U.S. 156, 165 (1997)). Where claims derive from a common nucleus of operative facts, substantial interests are served by ruling on all the claims at the same time and in the same court. *See* McLaurin v. Prater, 30 F.3d 982, 984-85 (8th Cir. 1994).

4.      Plaintiff's claims in Count I of her Petition, alleging violations of the Missouri Human Rights Act, clearly arise from the same transactions, occurrences, and events as Plaintiff's claims in Count II of her Petition, alleging violations of the ADA. Indeed, both Counts I and II of Plaintiff's Petition are based on the allegation that Defendant terminated Plaintiff's employment because of her disability.

5.      Judicial economy will be served by removing not just Count II, over which the Court has original jurisdiction, but also Count I over which this Court has supplemental jurisdiction.

6.       Venue is proper in this Court because Plaintiff originally filed this action in the Twenty-First Judicial Circuit of Missouri, Circuit Court for the County of St. Louis, and the United States District Court for the Eastern District of Missouri, Eastern Division, is the "district court of the United States for the district and division within which [the State-court action] is pending." *See* 28 U.S.C. § 1446(a); E.D. Mo. L.R. 2.07(A)(1).

7.      The Notice of Removal is being filed within thirty (30) days of service of process on Defendant. Defendant was served with a copy of Plaintiff's Petition on November 19, 2020.

*See* Murphy Bros. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 353-54 (1999) (thirty-day removal period does not begin to run until a defendant is formally served with summons and the complaint); *see also* Marano Enterprises of Kansas v. Z-Teca Restaurants, L.P., 254 F.3d 753, 756 (8th Cir. 2001); Young v. Flagstar Bank, F.S.B., No. 2:14-CV-04097-NKL, 2014 WL 3809201, at *1 (W.D. Mo. Aug. 1, 2014).

8.      No previous application has been made for the relief requested herein.

9.      This Notice of Removal is accompanied by written Notice to Plaintiff, and a written Notice to Clerk of Removal filed with the Clerk of the Circuit Court of St. Louis County, Missouri, on this date, all as required by 28 U.S.C. § 1446(d).

10.     Pursuant to E.D. Mo. L.R. 2.02, Defendant attaches hereto a completed Civil Cover Sheet and a completed Original Filing Form in the forms provided by and available from the Clerk of this Court.

11.     Defendant has paid the filing fee and has fully complied with E.D. Mo. L.R. 2.02 and 2.03.

12.     Nothing in this Notice of Removal constitutes a waiver or admission of any allegation, defense, argument or principle of equity available to Defendant.

WHEREFORE, Defendant Katalyst Surgical, LLC provides Notice of Removal of the above-styled action pending in the Circuit Court of St. Louis County, Missouri to the United States District Court for the Eastern District of Missouri.

Respectfully Submitted,

JACKSON LEWIS P.C.

/s/ Adam D. Hirtz
Adam D. Hirtz, #48448MO
David W. Morin, #61590MO
222 South Central Avenue, Suite 900
St. Louis, Missouri 63105
Telephone:  (314) 827-3939
Facsimile:  (314) 827-3940
adam.hirtz@jacksonlewis.com
david.morin@jacksonlewis.com

*Attorneys for Defendant*
*Katalyst Surgical, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of December, 2020, I served a true and correct copy of the foregoing via the Court's Electronic Filing System and Email upon the following counsel of record:

Vincent A. Banks III, Esq.
4579 Laclede Avenue, Suite 379
St. Louis, Missouri 63108
Telephone:  (314) 409-7920
Facsimile:  (314) 361-5515
vbesquire@sbcglobal.net

*Attorneys for Plaintiff*

/s/ Adam D. Hirtz

4814-6060-2068, v. 1