# Your Missouri Courts

Search for Cases by: Select Search Method...

GrantedPublicAccess  **Logoff ADAMSMOBAR48448**

Judicial Links | eFiling | Help | Contact Us | Print

**20SL-CC05597 - DANNIELLE LITTLETON V KATALYST SURGICAL, LLC (E-CASE)**

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/Execution |

**Click here to eFile on Case**
Click here to Respond to Selected Documents

Sort Date Entries: ● Descending  ○ Ascending

Display Options: All Entries

---

**11/30/2020**  **Affidavit Filed**
Process Server Affidavit.
  **Filed By:** VINCENT A. BANKS III
  **On Behalf Of:** DANNIELLE LITTLETON

**11/16/2020**  **Summons Issued-Circuit**
Document ID: 20-SMCC-10320, for KATALYST SURGICAL, LLC. Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

**11/09/2020**  **Filing Info Sheet eFiling**
  **Filed By:** VINCENT A. BANKS III

  **Motion Special Process Server**
Request for Appointment of Process Server.
  **Filed By:** VINCENT A. BANKS III

  **Pet Filed in Circuit Ct**
Petition.
  **On Behalf Of:** DANNIELLE LITTLETON

  **Judge Assigned**
DIV 7

---

Case.net Version 5.14.12        Return to Top of Page        Released 11/10/2020

**EXHIBIT A**

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
21st JUDICIAL CIRCUIT
STATE OF MISSOURI

| | | |
|---|---|---|
| **DANNIELLE LITTLETON**, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No. |
| | ) | |
| v. | ) | Division No. |
| | ) | |
| **KATALYST SURGICAL, LLC,** | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |
| Serve: Registered Agent | ) | |
|     AFFINTY REGISTERED | ) | |
|     AGENT AND TRUST | ) | |
|     SERVICES, Inc., | ) | |
|     755 S. New Ballas Road | ) | |
|     Suite 140 | ) | |
|     St. Louis, MO 63141 | ) | |
| | ) | |
| Defendant. | ) | |

## PETITION

COMES NOW Plaintiff, Dannielle Littleton, by and through counsel, and for her claim against Defendant, Katalyst Surgical, LLC, states as follows:

### FACTS COMMON TO ALL COUNTS

1. Plaintiff is a resident of Jefferson County, Missouri.

2. Defendant is a domestic corporation doing business in Missouri and the claim arose in St. Louis County, Missouri.

3. Venue is proper pursuant to R.S.Mo. § 508.010.4.

4. Defendant is an employer within the meaning of the Missouri Human Rights Act, R.S.Mo. § 213.010(7) in that Defendant employs six (6) or more persons in the State of Missouri.

5. This case arises under the Missouri Human Rights Act, R.S.Mo. § 213.010 et seq., (MHRA), and Plaintiff has dutifully filed her Charge of disability discrimination with the Missouri Commission on Human Rights (MCHR) Charge Number FE-1/20-31511 and the Equal Employment Opportunity Commission (EEOC) Charge Number 560-2020-00841 and received "right to sue letter" from the EEOC thereby exhausting her administrative remedies.

6. Plaintiff began employment with Defendant on or about February 5, 2019.

7. During the interview process, Plaintiff disclosed to Defendant's CFO that she had a disability related to fish/seafood which, if exposed, could cause her to go into anaphylactic shock.

8. Defendant CFO assured Plaintiff that she had nothing to worry about because Plaintiff would not be working with fish/seafood or fish/seafood products.

9. On or about April 8, 2019, Defendant Manager Scott Kondrick was advised by Plaintiff that she observed a fellow employee use the breakroom microwave to heat up some clam chowder.

10. On or about April 8, 2019, Defendant Manager Scott Kondrick advised Plaintiff that he would alert the staff not to bring fish/seafood to work

11. On or about June 20, 2019, Plaintiff placed her right hand onto Defendant's wood bench in the Disposables Gowning Area and experienced a reaction so severe she had to use an epi pen and Defendant's Katalyst Incident/Near Miss Report was produce detailing Plaintiff's fish/seafood disability.

12. On September 26, 2019, another Defendant employee brought fish to the breakroom triggering an allergic reaction with Plaintiff which required Plaintiff to go to Urgent Care.

13. On September 27, 2019, Plaintiff was terminated from employment under the pretext of raising her voice to Defendant's employee who brought the fish to the breakroom.

14. That Plaintiff has suffered economic damages and "garden variety" mental anguish as a result of the discriminatory conduct of the Defendant.

## COUNT I (Disability Discrimination under the MHRA)

15. Plaintiff restates and incorporates by reference paragraphs 1 through 14 as if fully stated herein.

16. Defendant knew or should have known that Plaintiff had a disability but was able to perform her job duties with reasonable accommodation.

17. That Defendant intentionally engaged in an unlawful employment practice in violation of the MHRA by failing to reasonably accommodate Plaintiff.

18. As a direct and proximate result of Defendant's disability discrimination, Plaintiff has suffered lost wages and benefits, and "garden variety" mental anguish, all to Plaintiff's damages in excess of $25,000.00.

19. That Defendant's conduct as described herein was intentional, willful, wanton, malicious and/or outrageous because of their evil motive and/or reckless indifference to the rights of Plaintiff under the MHRA, entitling Plaintiff to punitive damages.

20. As a result of Defendant's unlawful employment practices, Plaintiff has incurred and will continue to incur reasonable attorney's fees and costs in connection with this matter.

**WHEREFORE**, Plaintiff respectfully prays that this Court, after a trial, find that Defendant engaged in an unlawful employment practice under the laws of the State of Missouri and grant Plaintiff judgment against Defendant in an amount sufficient to compensate Plaintiff for lost wages, back pay, front pay, lost benefits and "garden variety" mental anguish; award Plaintiff

Electronically Filed - St Louis County - November 09, 2020 - 12:43 PM

punitive damages in an amount sufficient to punish Defendant and deter such conduct in the future; order Defendant to pay all costs of this suit including reasonable attorney fees; and grant any further relief this Court deems just and proper.

### COUNT II (Disability Discrimination under the Americans with Disability Act, 42 U.S.C. § 12101, et. Seq. (ADA)

21. Plaintiff restates and incorporates by reference paragraphs 1 through 20 as if fully stated herein.

22. Defendant is an employer within the meaning of the ADA.

23. Plaintiff has a physical impairment that substantially limits one or more major life activities within the meaning of the ADA.

24. That Defendant knew of Plaintiff's physical impairment but intentionally engaged in an unlawful employment practice in violation of the ADA by failing to reasonably accommodate Plaintiff.

25. As a direct and proximate result of Defendant's disability discrimination, Plaintiff has suffered lost wages and benefits, and "garden variety" mental anguish, all to Plaintiff's damages in excess of $25,000.00.

26. That Defendant's conduct as described herein was intentional, willful, wanton, malicious and/or outrageous because of their evil motive and/or reckless indifference to the rights of Plaintiff under the ADA, entitling Plaintiff to punitive damages.

27. As a result of Defendant's unlawful employment practices, Plaintiff has incurred and will continue to incur reasonable attorney's fees and costs in connection with this matter.

**WHEREFORE**, Plaintiff respectfully prays that this Court, after a trial, find that Defendant engaged in an unlawful employment practice under the ADA and grant Plaintiff

Electronically Filed - St Louis County - November 09, 2020 - 12:43 PM

judgment against Defendant in an amount sufficient to compensate Plaintiff for lost wages, back pay, front pay, lost benefits and "garden variety" mental anguish; award Plaintiff punitive damages in an amount sufficient to punish Defendant and deter such conduct in the future; order Defendant to pay all costs of this suit including reasonable attorney fees; and grant any further relief this Court deems just and proper.

Respectfully submitted,

By    /s/ Vincent A. Banks III
    Vincent A. Banks III, #51404
    4579 Laclede Avenue, Ste. 379
    St. Louis, MO  63108
    314-409-7920
    314-361-5515 (fax)
    vbesquire@sbcglobal.net
    Attorney for Plaintiff

Electronically Filed - St Louis County - November 09, 2020 - 12:43 PM

20SL-CC05597

In the
# CIRCUIT COURT
Of St. Louis County, Missouri

DANNIELLE LITTLETON
Plaintiff/Petitioner

vs.

KATALYST SURGICAL, LLC
Defendant/Respondent

Date: 11/9/20

Case Number: _____

Division: _____

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now PLAINTIFF, by and through counsel VINCENT BANKS, pursuant to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of

Name of Process Server: WILLIAM STAGE
Address: P.O. BOX 4932 ST. LOUIS, MO 63108
Telephone: 314-420-2226

Name of Process Server: _____
Address or in the Alternative: _____
Telephone: _____

Name of Process Server: _____
Address or in the Alternative: _____
Telephone: _____

Natural person(s) of lawful age to serve the summons and petition in this cause on the below named parties. This appointment as special process server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVE:
Name: AFFINITY REGISTERED AGENT & TRUST SVCS. INC.
Address: 755 S. NEW BALLAS ROAD, STE. 140
City/State/Zip: ST. LOUIS, MO 63141

SERVE:
Name: _____
Address: _____
City/State/Zip: _____

SERVE:
Name: _____
Address: _____
City/State/Zip: _____

SERVE:
Name: _____
Address: _____
City/State/Zip: _____

Appointed as requested:
**JOAN M. GILMER**, Circuit Clerk

By _____
Deputy Clerk

Date _____

Signature of Attorney/Plaintiff/Petitioner: VINCENT A. BANKS III
Bar No.: 51404
Address: 4579 Laclede Ave., STL MO 63108
Phone No.: 314-409-7920
Fax No.: 314-361-5515

CCADM62-WS    Rev. 07/19

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)   Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)   The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)   Appointments may list more than one server as alternates.

(B)   The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)   Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)   No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E)   Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, https://wp.stlcountycourts.com > forms.

(F)   This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

20SL-CC05597

In the
# CIRCUIT COURT
Of St. Louis County, Missouri

**Plaintiff/Petitioner:** DANNIELLE LITTLETON

vs.

**Defendant/Respondent:** KATALYST SURGICAL, LLC

**Date:** 11/9/20

**Case Number:** _____

**Division:** _____

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now **PLAINTIFF, by and through counsel Vincent Banks**, Requesting Party, pursuant to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of

**Name of Process Server:** William Stage  
**Address:** P.O. Box 4932 St. Louis, MO 63108  
**Telephone:** 314-420-2226

Natural person(s) of lawful age to serve the summons and petition in this cause on the below named parties. This appointment as special process server does not include the authorization to carry a concealed weapon in the performance thereof.

**SERVE:**
**Name:** Affinity Registered Agent & Trust Svcs. Inc.
**Address:** 755 S. New Ballas Road, Ste. 140
**City/State/Zip:** St. Louis, MO 63141

**Appointed as requested:**
JOAN M. GILMER, Circuit Clerk

By /s/Laura Scotece
Deputy Clerk
11/16/2020
Date

**Signature of Attorney/Plaintiff/Petitioner:** Vincent A. Banks III
**Bar No.:** 51404
**Address:** 4579 Laclede Ave., St. Louis MO 63108
**Phone No.:** 314-409-7920
**Fax No.:** 314-361-5515

CCADM62-WS   Rev. 07/19

Local Rule 28.  SPECIAL PROCESS SERVERS

(1) Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2) The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A) Appointments may list more than one server as alternates.

(B) The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C) Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D) No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E) Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, https://wp.stlcountycourts.com > forms.

(F) This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>MARY ELIZABETH OTT | Case Number: 20SL-CC05597 | |
|---|---|---|
| Plaintiff/Petitioner:<br>DANNIELLE LITTLETON | Plaintiff's/Petitioner's Attorney/Address<br>VINCENT A. BANKS III<br>4579 LACLEDE AVENUE<br>SUITE 379<br>ST LOUIS, MO  63108 | |
| vs. | | |
| Defendant/Respondent:<br> KATALYST SURGICAL, LLC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 | |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** KATALYST SURGICAL, LLC
  **Alias:**
AFFINITY REG. AGENTS AND TRUST
755 S. NEW BALLAS RD. STE. 140
ST LOUIS, MO  63141



*COURT SEAL OF*

*ST. LOUIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

__16-NOV-2020__                                                    _____
  Date                                                                              Clerk

**Further Information:**
LES

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____(title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____       _____
 Printed Name of Sheriff or Server                                        Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

  *(Seal)*   Subscribed and sworn to before me on _____ (date).

My commission expires: _____   _____
                                                 Date                                                   Notary Public

| | |
|---|---|
| **Sheriff's Fees, if applicable** | |
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | **$_____** |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

# NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

OSCA (7-99) SM30  (SMCC) *For Court Use Only*: **Document ID# 20-SMCC-10320**     3     (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

**Selecting an Alternative Dispute Resolution Procedure and a Neutral**

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.

CCADM73

PROCESS SERVER'S AFFIDAVIT OF SERVICE

Comes now William L. Stage Jr., Special Process Server, and being duly sworn upon his oath states that I am over the age of 18 and that I am not a party to the action for which I have affected service in the following manner:

**In Re: cause no. / case no.**  20SL-CC05597   Missouri Circuit Court – St. Louis County
Danielle Littleton       v      Katalyst Surgical LLC

On **Wednesday the 18th day of November, 2020 at 9:55 am**

I did serve the following:  Summons with Petition

Directed to  **Katalyst Surgical LLC  c/o Registered Agent**

At the location of:    1610 Des Peres Road Suite 100
Des Peres, Missouri 63131

**by the following means:** Personal Service  /  Hand Delivery to Janet Arrow, Accounts Manager for Affinity Law Group – registered agent "Affinity Reg. Agents and Trust" for Katalyst Surgical LLC

**All done in**   St. Louis County, Missouri


_____
William L. Stage Jr.
Special Process Server No. 197 - Missouri Circuit Court, 22nd Judicial Circuit
P.O. Box 4932       St. Louis, MO 63108           314.420.2226


Subscribed and sworn to [or affirmed] before me this 18th day of November, 2020.

_____
Notary Public

MARY E. GARDNER-STAGE
Notary Public - Notary Seal
State of Missouri
Commissioned for St. Louis County
My Commission Expires: January 11, 2023
Commission Number: 15993117

My commission expires _____.